UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00170-GNS-HBB

BRIAN T. TONSETIC and
ASHLEY TONSETIC                                                            PLAINTIFFS

v.

RAFFERTY'S INC.                                           DEFENDANT/THIRD-PARTY PLAINTIFF

v.

A PLUS HOOD & DUCT SERVICES, INC.                           THIRD-PARTY DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion by Third-Party Defendant's Motion to Dismiss (DN 34). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **GRANTED**.

### I. SUMMARY OF FACTS AND CLAIMS

The underlying cause of action here involves workplace injuries suffered by Plaintiff Brian Tonsetic ("Tonsetic"), an employee of A Plus Hood & Duct Services, Inc. ("A Plus"). On February 4, 2014, while cleaning air ducts at a restaurant owned by Rafferty's Inc. ("Rafferty's), Tonsetic stepped in grease on wood shingles and fell off the roof, resulting in serious bodily and head injuries. At that time, Tonsetic and A Plus were subject to the Tennessee Workers' Compensation Act, Tenn. Code Ann. § 50-6-101. Accordingly, Tonsetic received workers'

compensation benefits for his injuries through SteadPoint Insurance Company ("SteadPoint")—A Plus's workers' compensation insurance provider.

Tonsetic subsequently filed this action against Rafferty's, alleging that its negligent maintenance of its roof was a substantial factor in causing him to fall and injure himself. (Compl. ¶¶ 6-8, DN 1). Rafferty's then filed the Third-Party Complaint against A Plus, asserting claims for indemnification and apportionment. (Third-Party Compl. ¶¶ 16-25, DN 25). A Plus now moves to dismiss Rafferty's Third-Party Complaint, arguing that the exclusive remedy provision of the Kentucky Workers' Compensation Act, KRS 342.690(1), precludes liability against it, and that damages can be apportioned without the employer being named as a third-party defendant. (Third-Party Def.'s Mot. to Dismiss 2-6, DN 34).

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00.

## III. STANDARD OF REVIEW

A complaint will be dismissed when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). Considering motions under Rule 12(b)(6) requires the Court to construe the complaint in the most favorable light for the nonmoving party, accepting "as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). While the pleadings need not contain detailed factual allegations, the nonmoving party must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV. DISCUSSION

Although Tonsetic is a resident of Tennessee and was covered by his employer through the Tennessee Workers' Compensation Act, the Kentucky Workers' Compensation Act governs this issue. *See Reichwein v. Jackson Purchase Energy Corp.*, 397 S.W.3d 413, 417 (Ky. App. 2012). A Plus moves to dismiss the Third-Party Complaint, urging that Rafferty's indemnity claim fails because its liability is limited to the amount of workers' compensation benefits already paid to Tonsetic. (Third-Party Def.'s Mot. to Dismiss 2-4). Rafferty's contends that the Kentucky Workers' Compensation Act cannot limit indemnity claims without violating the jural rights doctrine. (Pl.'s Resp. to Third-Party Def.'s Mot. to Dismiss, 2-6, DN 39).

### A. Limits on Employer Liability under KRS 342.690(1)

"A claim for indemnity is 'one in which the claimant seeks restitution for damages it was required to pay for injuries sustained by another and which were entirely or primarily caused by the party against whom indemnity is sought.'" *Franke v. Ford Motor Co.*, 398 F. Supp. 2d 833, 840 (W.D. Ky. 2005) (citing *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 781-82 (Ky. 2000). Despite adopting comparative fault and the exclusive remedy provision within the Kentucky Workers' Compensation Act, Kentucky law still allows common law indemnity claims against employers where an appropriate basis is provided for asserting such a claim. *See id.* Nonetheless, KRS 342.690(1) limits employer liability, providing in relevant part:

> The liability of an employer to another person who may be liable for or who has paid damages on account of injury or death of an employee . . . caused by a breach of any duty . . . owed by such employer . . . shall be limited to the amount of compensation and other benefits for which such employer is liable under this chapter on account of such injury or death, unless such other and the employer by written contract have agreed to share liability in a different manner.

3

KRS 321.690(1). In the present case, absent any allegation that Rafferty's and A Plus have contracted otherwise, any potential claim for indemnity against A Plus will be limited by KRS 342.690(1) to the amount of any workers' compensation benefits already paid by A Plus. *See Labor Ready, Inc. v. Johnston*, 289 S.W.3d 200, 208 (Ky. 2009). Thus, Rafferty's has no indemnity claim against A Plus.

### B. Constitutionality of the Exclusive Remedy Provision

Rafferty's raises the jural rights doctrine in support of its indemnity claim, contending that KRS 342.690(1) unconstitutionally limits the amount of recovery from A Plus. (Pl.'s Resp. to Third-Party Def.'s Mot. to Dismiss 6). Beginning in 1932, the Kentucky Supreme Court recognized this doctrine "whose purpose is to ensure that citizens are afforded an opportunity to have their causes heard in open court and to prevent the legislature from unnecessarily inhibiting that right." *Caneyville Volunteer Fire Dep't v. Green's Motorcycle Salvage, Inc.*, 286 S.W.3d 790, 800 (Ky. 2009). The jural rights doctrine was derived from Sections 14, 54, and 241 of Kentucky's Constitution; and acts to preserve those common law causes of action which existed prior to the Kentucky Constitution's ratification in 1891. *See Ludwig v. Johnson*, 49 S.W.2d 347, 351 (Ky. 1932); *Happy v. Erwin*, 330 S.W.2d 412, 413-14 (Ky. 1959), *abrogated by Caneyville Volunteer Fire Dep't*, 286 S.W.3d at 811). In *Caneyville Volunteer Fire Department*, a plurality of the Kentucky Supreme Court recognized that the jural rights doctrine is a legal fiction that improperly usurps the power of the Kentucky General Assembly to define public policy. *See Caneyville Volunteer Fire Dep't*, 286 S.W.3d at 816 (Minton, C.J., concurring) ("[F]ormer Justice Cooper memorably opined that jural rights 'is nothing more nor less than a judicial usurpation of a traditional legislative prerogative.' I agree. We should disabuse ourselves of the jural rights theory and return the power to 'formulate public policy in the area of

tort law' to the General Assembly. In short, we should abdicate the public policy crown that '[w]e, like Bonaparte, have placed . . . upon our own head.' And if we abdicate our self-imposed position of control in this area of tort law, we will recognize that the General Assembly may choose when, if, and how it will waive immunity for state actors." (internal citations omitted)). Thus, it appears that the jural rights doctrine is no longer viable

Regardless, courts have consistently rejected the notion that the time limitation on indemnity in KRS 342.690(1) violated the Kentucky Constitution. *See Lindsey v. Perdue Farms Inc.*, No. 4:09CV-00071-JHM, 2013 WL 943839 at *3 (W.D. Ky. Mar. 11, 2013) ("Cargotec has no indemnity claim against Perdue Farms or Shultz for additional damages because Perdue Farms and Shultz's liability is limited to what Perdue Farms has already paid to the Plaintiffs."); *Capps v. Herman Schwabe, Inc.*, 628 F. Supp. 1353, 1357-58 (W.D. Ky. 1986) ("[W]hile the employer may be held liable to a third-party for contribution or indemnification, this liability is limited to the amount of the workers' compensation benefits payable."); *Fireman's Fund Ins. Co. v. Sherman & Fletcher*, 705 S.W.2d 459, 464 (Ky. 1986) ("We hold that KRS 342.690(1) limits the liability of Sherman & Fletcher to another who has paid benefits on account of injury or death of an employee . . . and we further hold that the statute is not unconstitutional."). The jural rights doctrine preserved common law causes of action already existing in 1891. *See Happy*, 330 S.W.2d at 413-14; *Degener* 27 S.W.3d at 780. But the particular sort of indemnification at issue here does not qualify for jural rights preservation because the first workers' compensation law in Kentucky was not passed until 1914, and KRS 342.690(1) was not enacted not until 1972. *See* Norman E. Harned, *Kentucky Workers' Compensation* §§ 1.03, 26.03 (Matthew Bender rev. ed. 2015). *See also Capps*, 628 F. Supp. at 1358. Thus, the statute could not be said to limit rights which existed when the present Constitution was ratified in 1891. Rafferty's therefore cannot

5

maintain its indemnity action against A Plus on grounds that the exclusive remedy provision of the Kentucky Workers' Compensation Act violates the jural rights doctrine.

### C. Indemnity Claim

Although KRS 342.690(1) limits A Plus's liability to Tonsetic's workers' compensation benefits, that alone does not necessitate dismissing Rafferty's indemnity claim. Instead, only those indemnity claims that remain "legally futile" in light of the workers' compensation statute should be dismissed. *See Franke* 398 F. Supp. 2d at 840 (W.D. Ky. 2005). For example, an indemnity claim arising in a situation in which a party was liable under principles of respondeat superior might not be legally futile under the exclusive remedy provision. *See id.*

Nevertheless, Rafferty's advances one such legally futile indemnity claim. At trial, the jury will be instructed to apportion liability between Rafferty's, A Plus, and even Tonsetic under Kentucky's comparative fault principles. *See id*. *See also Dix & Assocs. Pipeline Contractors, Inc. v. Key*, 799 S.W.2d 24, 29 (Ky. 1990) (holding that apportionment of liability by jury between employer and third party permissible in workers' compensation scenarios) (overruling *Burrell v. Elec. Plant Bd. of Franklin*, 676 S.W.2d 231 (Ky. 1984)). Assuming the jury believes Rafferty's contentions that A Plus was negligent, the jury may apportion a percentage of fault to A Plus, withholding that amount from Rafferty's liability, and leaving the restaurant accountable only for its own negligence. *See Franke*, 398 F. Supp. 2d at 840. *See also Clark v. Hauck Mfg. Co.*, 910 S.W.2d 247, 253 (Ky. 1995), *overruled on other grounds by Martin v. Ohio Cty. Hosp. Corp.*, 295 S.W.3d 104 (Ky. 2009) ("Indemnity is not an issue until fault has been determined."). Indeed, where Rafferty's may be held responsible for only the damage it caused, there is no need for indemnity. *See Sherman & Fletcher*, 705 S.W.2d at 465 (Vance, J., concurring). On this basis, Rafferty's indemnity claim is futile and will be dismissed.

## V. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Third Party Defendant's Motion to Dismiss (DN 34) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**

August 1, 2016

cc: counsel of record